UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| *Plaintiff*, | ) | | |
| | ) | | |
| v. | ) | No. | 3:11-cr-46.2 |
| | ) | | REEVES/SHIRLEY |
| EDWARD FULTZ, JR., | ) | | |
| | ) | | |
| *Defendant*. | ) | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Edward Fultz's motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines. Fultz pleaded guilty to one count of conspiracy to distribute oxycodone and heroin, and five counts of aiding and abetting heroin distribution. On June 11, 2012, the Court sentenced him to 151 months in prison. He now asks for a reduction in his sentence.

A reduction is not warranted. A defendant may have his sentence reduced if (1) he has been sentenced to a prison term based on a sentencing range that was later lowered; and (2) a reduction is consistent with the Sentencing Commission's policy statements. *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013). To satisfy the second prong, the Guidelines amendment must lower the defendant's applicable Guidelines range. *Id.*

Amendment 782 does not have any effect on the Guidelines range that applied to Fultz when he was sentenced. At his sentencing, Fultz was found to be a career offender. When someone is found to be a career offender, there are two offense levels the Court must consider: the offense level based on the defendant being a career offender, and the offense level based on considerations

1

other than the defendant being a career offender. The Court must apply the greater of these two offense levels. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(b). Fultz's career-offender offense level was 31.[1] His offense level based on other considerations—most important, the drug amount he admitted to—was 16. [D. 118 at 25]. As a result, the Court applied the offense level based on Fultz being a career offender, and not the offense level based on the drug amount. Amendment 782 applies only when a defendant is sentenced based on the drug amount. As a result, Amendment 782 does not apply to Fultz. His motion for a sentence reduction is **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] The bottom of Fultz's Guidelines range was 151 months in prison, and his criminal-history category was IV. [D. 64 at 3; D. 118 at 25]. According to the 2011 Sentencing Guidelines, which Fultz was sentenced under, a Guidelines bottom of 151 months and a criminal-history category of IV implies an offense level of 31.