UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| EDWARD FULTZ, JR., | ) | | |
| Petitioner, | ) | | |
| v. | ) | Nos.: | 3:11-CR-46-TWP-CCS |
| | ) | | 3:16-CV-380-TWP |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court are Petitioner Edward Fultz, Jr.'s notice of voluntary dismissal of his pending motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and the United States' motion to deny the petition and dismiss the action with prejudice.

**I. RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY**

Fultz pled guilty to federal controlled substances offenses and was sentenced in 2012 as a career offender to serve 151 months' incarceration [*See* Doc. 69 in 3:11-CR-46]. In June of 2016, Fultz filed his § 2255 motion in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated a statutory clause of the Armed Career Criminal Act. *Johnson*, 135 S. Ct. at 2563 [Doc. 1]. Fultz argued that *Johnson*'s reasoning invalidated his career-offender classification under the United States Sentencing Guidelines ("Guidelines"), thus entitling him to a reduced sentence [*Id*.]. On August 10, 2016, the United States filed a motion to defer ruling on the motion pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which was poised to address whether the Guidelines were subject to a vagueness challenge, and if so, whether any rule so finding would be retroactively applied [Doc. 2]. On March 6, 2017, the Supreme Court handed down its decision in *Beckles*, holding that the advisory

sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 895. Thereafter, based on *Beckles*, the United States filed a motion to deny Fultz's § 2255 motion and dismiss this action with prejudice [Doc. 3]. On March 29, 2017, Fultz filed a notice of voluntary dismissal [Doc. 4].

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a movant is permitted to voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Unless otherwise stated, such a dismissal is without prejudice. Fed. R. Civ. P. (a)(1)(B).

By contrast, once the opposing party has served an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(i); Fed. R. Civ. P. 41(a)(2). Because properly filed notices of voluntary dismissal are self-effectuating, *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993), resolution of the pending motions depends on whether the United States' filings submitted prior to Fultz's notice constitute an "answer" or "motion for summary judgment" under Rule 41(a)(1)(A)(i).

Clear Sixth Circuit precedent demands that the United States' motion to deny the petition and dismiss it with prejudice is neither an answer nor a motion for summary judgment for purposes of Rule 41(a)(1)(A)(i). *See Aamot*, 1 F.3d at 444 (declining to find motions to dismiss summary judgment motions for purposes of Rule 41(a)). Therefore, only the motion to defer ruling remains for consideration.

The contents of an "answer" under § 2255 must "address the allegations in the motion," state whether the movant has used other federal remedies, and state whether the movant received

2

an evidentiary hearing. *See, e.g.*, Rule 5(b), Rules Governing Section 2255 Proceedings in the United States District Courts. The United States' motion to defer ruling does none of these. While the motion to defer does contain a general discussion of retroactivity, it contains no fact-based argument of constitutional principles to Fultz's discrete claim. Rather, the motion focuses on the reasons to defer ruling. Accordingly, the Court finds that Fultz filed his notice of voluntary dismissal before the United States filed an answer or motion for summary judgment under Rule 41(a)(1)(A)(i), and his notice of dismissal is self-effectuating. *See Aamot*, 1 F.3d at 445.

### III. CONCLUSION

For the reasons stated herein, the Clerk's Office will be **DIRECTED** to terminate Fultz's § 2255 petition and the civil action associated with it. The dismissal will be without prejudice. The United States' motions to defer ruling and to deny and dismiss the § 2255 petition will be **DENIED AS MOOT**.

**An appropriate Order will enter.**

                                         s/ Thomas W. Phillips
                                         SENIOR UNITED STATES DISTRICT JUDGE